IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

INMARKET MEDIA LLC,                    §
                       Plaintiff,    §
                              §
v.                                                              §
                              §         A-26-CV-355-RP
PINK REBEL MEDIA LLC,                 §
                      Defendant.    §

## ORDER

Federal courts "have an independent obligation to assess subject matter jurisdiction before exercising the judicial power of the United States." *SXSW, L.L.C. v. Federal Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-99 (1998)). Ahead of the parties' Initial Pretrial Conference, the undersigned raises *sua sponte* that the parties have not properly alleged diversity jurisdiction according to the requirements of limited liability companies and individuals.

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is removed to federal court, the burden rests on the removing defendants to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted); *see Servicios Comerciales Lamosa, S.A. de C.V. v. De la Rosa*, 3:16-CV-54-L, 2018 WL 1532392, at *4 (N.D. Tex. Mar. 29, 2018) (explaining what a plaintiff must establish for purposes of diversity jurisdiction when one party is an LLC). For an individual, "[a]n allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *SXSW*, 83 F.4th at 407

1

(citation omitted).

Here, Defendant alleged that Plaintiff, a limited liability company, "is a Delaware corporation with its principal place of business in Austin, Texas." Dkt. 1 ¶ 11; *see also* Dkt. 1 at 10 (Orig. Pet.) ("Plaintiff InMarket Media LLC is a Delaware limited liability company with its principal place of business in Austin, Texas."). Defendant further alleged that its sole member is a "resident of the State of Michigan." Dkt. 1 ¶ 12. Pleading an individual's residence is not equivalent to pleading an individual's citizenship. The undersigned finds Defendant has failed to plead the citizenship of the members of both limited liability companies and thus, failed to plead the citizenship of the parties.

As Defendant removed this case to federal court, the burden rests upon Defendant to establish subject matter jurisdiction. Accordingly, the court **ORDERS** Defendant to file a brief addressing the jurisdictional pleading defects identified by the court. The court further **ORDERS** Plaintiff to cooperate with Defendant's attempt to ascertain the parties' citizenships. The deadline to file such a briefing is **April 13, 2026.** If the parties fail to comply with this order, the undersigned will recommend dismissal for lack of subject matter jurisdiction.

SIGNED March 30, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

2